In consolidated actions for (1) injunctive relief to prevent interference with a tenancy, (2) damages for use and occupancy on the failure to vacate, and (3) eviction and damages, Edward Radin appeals from a judgment of the Supreme Court, Kings County (Dowd, J.), entered November 25, 1987, which was in favor of the landlord and against him, and Arthur Management Company cross-appeals from so much of the same judgment as limited its recovery against the defendant Dr. Alan Friedman for the use and occupancy of Edward Radin to a period of one month, i.e., November 1984.
Ordered that the appeal of the plaintiff Radin is dismissed, without costs or disbursements, for failure to perfect the same in accordance with the rules of this court (22 NYCRR 670.20 [d], [f]); and it is further,
Ordered that the judgment is affirmed insofar as cross-appealed from, without costs or disbursements.
These three actions arise out of a dispute concerning apartment IB of a building located at 90 Avenue H, Brooklyn, New York. The apartment is comprised of a dental office and a residence portion, each with its own separate entrance.
The tenant Friedman, a dentist, purchased the established dental practice located in the apartment. His lease, for the period November 1, 1979, through October 31, 1984, encompassed the entire apartment and contained a provision which permitted subletting. A subtenant Radin already occupied the residence, which had its utilities charged to the dental office. Friedman continued the prior practice of collecting rent, including a utility charge, directly from the subtenant of the residence. When Friedman’s lease terminated in October 1984 he vacated the dental office but failed to evict the subtenant.
It is well settled that, upon termination of a lease, the tenant is obligated to remove the subtenant. A wrongful holdover by a subtenant is deemed the same as a wrongful holding over of the prime tenant/sublessor (Stahl Assocs. Co. v Mapes, 111 AD2d 626; Syracuse Assocs. v Touchette Corp., 73 AD2d 813). Therefore, the landlord was within its rights in electing to hold the prime tenant Friedman liable for the continuing use and occupancy of the subtenant after October 1984.
However in November 1984 the subtenant Radin initiated proceedings seeking to be declared the prime tenant and to be afforded the protection of the rent stabilization laws against *578 eviction. Thereafter, the landlord and Radin entered into a stipulation dated June 3, 1986, for the payment of the accrued use and occupancy of the residence since October 1984 and for payment during the course of the proceedings. While the landlord claimed he was unable to rent the dental offices, a cooperative offering plan for the building, which arose during the proceedings, listed the apartment as vacant and residential. It was eventually held that Radin was not entitled to a renewal lease under the rent stabilization laws.
Under these circumstances, we agree with the Supreme Court that awarding the landlord damages for use and occupancy of the dental office would penalize the tenant Friedman, while creating a windfall for the landlord. It was, therefore, a proper exercise of discretion to apply the equitable principle of unjust enrichment in limiting the landlord’s recovery of damages to the one month between the expiration of Friedman’s lease and the institution of the cooperative plan and Radin’s proceedings. Mollen, P. J., Thompson, Lawrence and Kunzeman, JJ., concur.